UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERZON FRANCISCO GARCIA
CASTILLO,

        Petitioner,

      v.                        Case No.:  6:26-cv-00826-GAP-RMN

LOUIS QUINONES JR., WARDEN
OF ORANGE COUNTY JAIL;
ACTING DIRECTOR-ICE TODD
LYONS, ACTING DIRECTOR U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT; SECRETARY
MARKWAYNE MULLIN, U.S.
DEPARTMENT OF HOMELAND
SECURITY; TODD BLANCHE, U.S.
ATTORNEY GENERAL; U.S.
DEPARTMENT OF HOMELAND
SECURITY, EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW,

        Respondents.

                                /

**ORDER**

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Gerzon Francisco Garcia Castillo ("Petitioner"). Doc. 1. The Court has also considered Respondents' Response in Opposition. Doc. 6. For the reasons set forth below, the Habeas Petition will be granted.

### I. Background

Petitioner Gerzon Francisco Garcia Castillo ("Petitioner") is a citizen of Guatemala. Doc. 1, ¶ 16. He entered the United States in 2014 as a teenager and was neither apprehended nor placed in removal proceedings. *Id.*, ¶ 17.

On June 6, 2025, he was issued an Employment Authorization Card and on June 25, 2025, he was issued a social security card for work purposes. Doc. 1 at 10. In 2024, Petitioner filed an Application for Asylum which remains pending. *See id.* at 9, ¶ 19. Petitioner is married to Adriana Vargas, a U.S. citizen, who has filed an I-130 Petition with USCIS. *Id.*, ¶¶ 16, 31; Doc. 1-2 at 10. Petitioner and his wife gave birth to a child on July 10, 2025. Doc. 1, ¶¶ 16, 31; Doc. 1-2 at 9.

On April 13, 2026, Petitioner was apprehended by Immigration and Customs Enforcement ("ICE") and continues to be held at the Orange County Jail. Doc. 1, ¶¶ 2, 8(a), 31. Petitioner states that he has not requested a bond hearing because the Executive Office of Immigration Review ("EOIR") has taken the position that immigration judges have no jurisdiction to adjudicate bond hearings for persons, like Petitioner, who have entered without inspection. *Id.*, ¶ 10.

On April 15, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging his detention. *See id.* He seeks a Writ of Habeas Corpus directing his immediate release, and a declaration that his detention is unlawful under the Immigration and Nationality Act ("INA"). *Id.*, ¶¶ 61-66. He further

contends that Respondents assert that he "is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection." *Id.*, ¶ 9.

In light of its recent experience with similar habeas petitions, on April 16, 2026, this Court entered an Order that temporarily restrained and enjoined Respondents and those in privity with them from moving Petitioner out of the Middle District of Florida until further order of the Court. Doc. 5. That Order also directed Respondents to show cause as to why the Court should not grant the Petition. *Id.* at 1-2.

On April 16, 2026, Respondents filed their Response. Doc. 6. Respondents maintain that because Petitioner entered the United States at an unknown time and an unknown place, Respondents are holding him pursuant to 8 U.S.C. § 1225. *Id.* at 2, 6. Respondents further aver that should the Court determine that Petitioner is detained pursuant to 8 U.S.C. § 1226, the appropriate remedy would be to order Respondents to provide Petitioner with a bond hearing.[1] *Id.* at 7.

---

[1] In the Petition, Petitioner also raised some additional arguments regarding his entitlement to relief as a member of the bond eligible class under *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, No. 5:25-cv-1873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), as well as under the Administrative Procedures Act (*see* Doc. 1, ¶¶ 36-54), to which Respondents responded in their Response (*see* Doc. 6 at 3-5). The Court, however, declines to address these arguments and confines its analysis to those raised under 8 U.S.C. §§ 1225 and 1226.

### II. Habeas Standard

Congress granted federal courts the authority to determine whether a prisoner "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). To answer that question in the present immigration context, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. But even where removable is reasonably foreseeable, "the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700 (emphasis added).

### III.  Analysis

Respondents acknowledge the "Court's firm majority position[,] that under the circumstances such as are presented in the instant case, section 1225 does not apply to aliens already present in the United States." Doc. 6 at 6. Nevertheless, they continue to take the position that detention under § 1225 is appropriate here because Petitioner has not been inspected or admitted to the United States. *Id.* at 6-7.

The Court need not linger on this analysis, however, because it has already recognized that it agrees with the thoroughly reasoned opinion in *Guaiquire v. Quinones et al*, No. 6:26-cv-169-RBD-RMN, Doc. 19 (M.D. Fla. Feb. 3, 2026). *See Perez*

*v. Quinones et al*, No. 6:26-cv-228-GAP-DCI, Doc. 20 (M.D. Fla. Feb. 9, 2026). Petitioner's detention under § 1225(b)(2) is unlawful.[2] *Id.*

In the alternative, Respondents assure the Court that if it determines that Petitioner is detained pursuant to § 1226(a), the appropriate remedy would be to order Respondents to provide Petitioner with a bond hearing. Doc. 6 at 7. However, as this Court held in *Correa Cabral v. Quinones et al.*, the binding precedent of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which was reaffirmed by the Chief Immigration Judge in January of this year, effectively nullifies any immigration judge's discretion to hold a legitimate bond hearing for § 1226(a) detainees.[3] No. 6:26-cv-425-GAP-LHP, Doc. 20 at 5-9 (M.D. Fla. Mar. 4, 2026). Thus, ordering a bond hearing under these circumstances would be futile. *See id.*

Petitioner and those similarly situated are faced with "indefinite [detention] without the opportunity for a legitimate bond hearing," and that is "contrary to law." *Id.* at 8-9. Consequently, and for the same reasons explained in *Correa Cabral*,

---

[2] Respondents further concede that that this matter is substantively similar to *Claros Portillo v. Quinones et al.*, No. 6:26-cv-523-GAP-NWH, Doc. 7 (M.D. Fla. Mar. 10, 2026) and *Perez v. Quinones et al.*, No. 6:26-cv-228-GAP-DCI, Doc. 20 (M.D. Fla. Feb. 9, 2026), where the Court held that those petitioners were being unlawfully detained under § 1225 and that habeas relief was therefore warranted there.

[3] Indeed, reputable news organizations continue to report that immigration judges who rule against current immigration policies are being removed from their positions. *See, e.g.,* Hamed Aleaziz, Nicholas Nehamas, & Steven Rich, *Judges Fired After Blocking Deportations of Pro-Palestinian Students*, N. Y. Times (Apr. 11, 2026), https://www.nytimes.com/2026/04/11/us/politics/immigration-judges-deportations-students.html.

this Court finds that Petitioner has been unlawfully detained by Respondents and is due to be immediately released. No. 6:26-cv-425-GAP-LHP, Doc. 20 at 4-9; *see also* Doc. 1.

## IV.    Conclusion

Accordingly, it is **ORDERED** that:

1. Petitioner Gerzon Francisco Garcia Castillo's Petition for a writ of habeas corpus and injunctive relief is hereby **GRANTED**.

2. The Hearing scheduled for Tuesday, April 21, 2026, at 11:30 AM is hereby **CANCELLED**.

3. Respondents shall **IMMEDIATELY RELEASE or facilitate the release** of the Petitioner from custody and **IMMEDIATELY** notify his counsel where and when he may be picked up.

4. Respondents shall **IMMEDIATELY** return all of Petitioner's documentation and any other personal property.

5. Respondents and all other persons or entities acting in active concert or participation with them are **RESTRAINED AND ENJOINED** from re-arresting or detaining Petitioner **UNTIL FURTHER ORDER OF THE COURT**. The Court will consider lifting this prohibition once the BIA vacates *Hurtado* and the Court is convinced that a fair and impartial bond hearing can be timely provided.

6. No security bond is required.

7. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

8. **The Clerk is DIRECTED** to enter judgment in favor of Petitioner and against Respondents.

9. The Court retains jurisdiction to enforce this order and to consider the matter of fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 17, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party